# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Case No. 11-15463-SHL |
| AMR CORPORATION, *et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |
| CAROLYN FJORD, *et al.*, | Adversary No. 13-01392-SHL |
| Plaintiffs, | |
| vs. | |
| AMR CORPORATION, *et al.*, | |
| Defendants. | |

## PLAINTIFFS' *EX PARTE* MOTION PURSUANT TO FED. BANKR. P. 9006(c) TO SHORTEN NOTICE PERIOD AND SCHEDULE A PRETRIAL CONFERENCE PURSUANT TO PARAGRAPH 11 OF SCHEDULING ORDER (DOC. 44)

TO:   THE HONORABLE SEAN H. LANE,
      UNITED STATES BANKRUPTCY JUDGE

Carolyn Fjord, *et al.*, Plaintiffs in the within Adversary Proceeding ("Plaintiffs"), respectfully represent:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relief Requested

2. Initially, pursuant to paragraph 11 of the Scheduling Order entered in this adversary proceeding on October 15, 2013 (Doc. 44) (the "Scheduling Order"), the Plaintiffs do hereby give notice to the Court that a settlement in principle of the Department of Justice Action

in the U.S. District Court for the District of Columbia, entitled *United States, et al. v. US Airways Group, Inc., et al.*, Civil Action No.13-1236-CKK (the "DOJ Action"), was publicly announced on November 12, 2013.

3.      By this motion Plaintiffs request, pursuant to the Federal Rules of Bankruptcy Procedure 9006(c), that the Court shorten the notice period and fix a date and time for the pretrial conference pursuant to paragraph 11 of the Scheduling Order, which states in relevant part:

> "In the event a settlement in principle of the DOJ Action is reached and is publicly disclosed prior to the issuance of a final trial ruling in the DOJ Action, the parties shall contact the Bankruptcy Court within three (3) business days of the date on which such settlement becomes public in order to schedule a pretrial conference."

4.      Plaintiffs request that the Court schedule a pretrial conference in this Adversary Proceeding pursuant to paragraph 11 of the Scheduling Order for November 18, 2013, at 10:00 a.m.

## Basis for Relief Requested

5.      Although Plaintiffs notified the Court of the settlement in principle by letter e-mailed to the Court and counsel early on November 13, 2013, the Court entered an Order on the debtors' *Ex Parte* Motion (Doc. 48) which was brought pursuant to paragraph 12 of the Scheduling Order setting a hearing date for the "[Rule] 9019 Motion" and the "Fjord Motion" (the "Debtors' Motions") for November 25, 2013. The Court has not, however, scheduled a pretrial conference in this adversary proceeding as required by the Scheduling Order.

6.      Paragraph 11 of the Scheduling Order requires that upon notification that the DOJ Action has settled in principle, the Court would set a pretrial conference which, according to the first sentence of paragraph 11, "shall include a discussion of finalizing any outstanding

discovery, trial management, pretrial matters, and the setting of a trial date in this Adversary Proceeding."

7.   On the other hand, paragraph 12 of the Scheduling Order permits the Debtors' Motions to be filed "in the event of any resolution of the DOJ Action in favor of Defendants, ..." The announced settlement is not a "resolution of the DOJ Action in favor of Defendants." The settlement terms (a) are pending approval of the District Court under the provisions of the Tunney Act (15 U.S.C. § 16), which requires notice and a 60 day period for comment by the public and possible revision recommended by the Department of Justice, and (b) involve numerous conditions including relating to the relinquishment of airport slots and gates which cannot be said to be a resolution "in favor" of Defendants.

8.   The Plaintiffs have the right, independent of any settlement or judgment that may be entered in the DOJ Action, to prosecute their Adversary Proceeding under Section 16 of the Clayton Antitrust Act (15 U.S.C. § 26) to enjoin the proposed merger, by and among generally the Debtor and U.S. Airway Group entities.

9.   The Scheduling Order was intended to afford Plaintiffs a fair opportunity to litigate their case in this forum. The Scheduling Order entitled the Plaintiffs to fully litigate their Clayton Action claims against the Defendants in this Adversary Proceeding, and accordingly seeks from this Court an ex parte order setting a hearing under Paragraph 11, page 4, of the Scheduling Order, which such relief is not inconsistent with the various motions filed by the Debtors under paragraph 12.

10.   At all times, the Plaintiffs exercised great diligence in bringing its Adversary Proceeding to a prompt and early trial and sought to avoid any prospect of any dilatory conduct.

3

In fact, the Plaintiffs sought an early trial and were prepared to go to trial by November 12, 2013, to enjoin the merger then proposed by the Defendants. Similarly, the Plaintiffs requested the opportunity to begin discovery immediately, including by taking a limited number of six depositions, in order to prepare their case while the DOJ action was proceeding. The Defendants objected to the expedited trial and discovery schedule. The Court entered the Scheduling Order which prohibits the Plaintiffs from noticing any deposition until one (1) week after the DOJ Action is concluded. Scheduling Order, ¶ 9.

10. During the pendency of this matter, the Defendants have publicly announced that they will not attempt to close the merger until some time in December of this year and they were prepared to try the DOJ Action and await a decision from the trial court there which was expected to issue in January 2014.

11. Therefore, if the Court sets an early pretrial conference as the Scheduling Order clearly provides in paragraph 11 and before the Debtors' Motions currently set for November 25, 2013, the parties will be able to advise the Court of the outstanding discovery which remains to be completed, pretrial and trial management issues, and related trial issues necessary to facilitate a trial date in early December.

12. Granting this ex parte application will not prejudice the Defendants, the Estate, or third parties in interest, on the basis that the relief sought herein is specifically authorized under paragraph 11 of the Scheduling Order. The granting of such relief will maintain the status quo of all parties.

## Conclusion

The Plaintiffs respectfully request that the Court grant the proposed Order Shortening

Time and Setting a Pretrial Conference for November 18, 2013, at 10:00 a.m. for this Adversary Proceeding, and such other and further relief as the Court may grant.

Respectfully submitted,

Dated: November 13, 2013        By:    s/ David J. Cook
David J. Cook
**COOK COLLECTION ATTORNEYS, PLC**
165 Fell Street
San Francisco, CA 94102
Telephone: (415) 989-4730
Facsimile: (415) 989-0491
Email: davidcook@cookcollectionattorneys.com

Joseph M. Alioto
(admitted *pro hac vice*)
**ALIOTO LAW FIRM**
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: jmalioto@aliotolaw.com
       josephalioto@mac.com
       jmiller@aliotolaw.com

Gil D. Messina
(admitted *pro hac vice*)
**MESSINA LAW FIRM, P.C.**
961 Holmdel Road
Holmdel, NJ 07733
Telephone: (732) 332-9300
Facsimile: (732) 332-9301
Email: gmessina@messinalawfirm.com
       tmay@messinalawfirm.com

*Attorneys for the Plaintiffs*

# PROOF OF SERVICE

ALL PARTIES ON THE COURT'S DOCKET

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is 165 Fell Street, San Francisco, CA 94102. On the date set forth below, I served the attached:

**PLAINTIFFS' *EX PARTE* MOTION PURSUANT TO FED. BANKR. P. 9006(c) TO SHORTEN NOTICE PERIOD AND SCHEDULE A PRETRIAL CONFERENCE PURSUANT TO PARAGRAPH 11 OF SCHEDULING ORDER (DOC. 44)**

on the above-named person(s) by:

__XXX__ Via the court's ECF notification system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2013.

                                    __/s/ David J. Cook__
                                    DAVID J. COOK, ESQ. (SBN 060859)