| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | LATHAM & WATKINS LLP |
| Stephen Karotkin | Daniel M. Wall (admitted *pro hac vice*) |
| Alfredo R. Pérez | Alfred C. Pfeiffer, Jr. (admitted *pro hac vice*) |
| Stephen A. Youngman | Sadik Huseny (admitted *pro hac vice*) |
| 767 Fifth Avenue | 505 Montgomery Street, Suite 2000 |
| New York, New York 10153 | San Francisco, CA 94111-6538 |
| Telephone: (212) 310-8000 | Telephone: (415) 391-0600 |
| Facsimile: (212) 310-8007 | Facsimile: (415) 395-8095 |

*Attorneys for Defendants and Debtors AMR*       *Attorneys for Defendants*
*Corporation and American Airlines, Inc.*        *US Airways Group, Inc. and US Airways, Inc.*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square                                155 North Wacker Drive
New York, New York 10036      - and -            Chicago, Illinois 60606
Jay M. Goffman                                   John Wm. Butler, Jr.
James A. Keyte                                   Albert L. Hogan, III
Kenneth B. Schwartz

*Attorneys for Intervenor the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Case No. 11-15463-SHL |
| | : | |
| **AMR CORPORATION**, *et al.*, | : | Chapter 11 |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------x
-------------------------------------------------------x
| | | |
|---|---|---|
| **CAROLYN FJORD**, *et al.*, | : | Adversary No. 13-01392-SHL |
| Plaintiffs, | : | |
| vs. | : | |
| **AMR CORPORATION, AMERICAN** | : | |
| **AIRLINES, INC. and US AIRWAYS GROUP,** | : | |
| **INC. and US AIRWAYS, INC.,** | : | |
| Defendants, | : | |
| * * * * * * * | : | |
| | : | |
| **OFFICIAL COMMITTEE OF** | : | |
| **UNSECURED CREDITORS,** | : | |
| As Intervenor. | : | |

-------------------------------------------------------x

**DEFENDANTS' AND INTERVENOR'S OPPOSITION TO**
**PLAINTIFFS'** *EX PARTE* **MOTION TO SHORTEN NOTICE PERIOD**
**AND SCHEDULE A PRETRIAL CONFERENCE FOR**
**NOVEMBER 18, 2013; REQUEST FOR A SUPPLEMENTAL SCHEDULING ORDER**

US_ACTIVE:\44370627\2\14013.0139

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to Federal Rule of Bankruptcy Procedure 9006(c), defendants AMR Corporation, American Airlines, Inc., US Airways Group, Inc., and US Airways, Inc. ("**Defendants**"), and Intervenor Official Committee of Unsecured Creditors (the "**Committee**" or "**Intervenor**"), hereby oppose Plaintiffs' November 13, 2013 Ex Parte Motion to Shorten Notice Period and Schedule a Pretrial Conference [on November 18, 2013] Pursuant to Paragraph 11 of Scheduling Order (the "**Motion**"), (Adv. P. ECF No. 49), and respectfully state as follows:

### Introduction

1. The Plaintiffs' Motion to schedule a pretrial conference is not the innocuous procedural motion it appears to be. It is based on Plaintiffs' untenable interpretation of this Court's October 15, 2013 Scheduling Order (Adv. P. ECF No. 44, "**Scheduling Order**"), by which Plaintiffs attempt to argue that the Court has already decided that a trial of the *Fjord* Adversary Proceeding must precede the closing of the American Airlines-US Airways merger. The "pretrial conference" Plaintiffs propose plainly is not the one the Court envisioned—to talk about what should happen next in the Adversary Proceeding given a resolution of the parallel *U.S. et al. v. US Airways Group, Inc. et al*. antitrust action, Case No. 13-cv-01236 in the United States District Court for the District of Columbia (the "**DOJ Action**")—but the traditional "final" pretrial conference at which trial logistics are addressed. The Motion assumes, totally incorrectly, that the Adversary Proceeding must be adjudicated before the closing of the merger, effectively operating as a TRO to block the merger.

2. Defendants and Intervenor do not object to the Court scheduling a pretrial conference in the *Fjord* Adversary Proceeding. That should occur on November 25, 2013, which is the day currently scheduled, per Court Order, for hearing on the pending motions to approve the parties' settlement in the DOJ action (the "**DOJ Settlement**") and to consummate the merger. *See* Adv. P. ECF No. 48. That is the appropriate time for the conference and consistent with what the Court contemplated when it instructed the parties to notify it of any DOJ

settlement and to come before the Court to discuss appropriate next steps in the Adversary Proceeding. However, the Court should reject outright the Plaintiffs' attempt to bull-rush the Court to obtain a trial date *2-3 weeks from today* and in such a manner as to operate as a *de facto* injunction against Defendants' consummation of the merger, *i.e.*, without filing the requisite motion for injunctive relief, posting the requisite bond, or otherwise satisfying the strict requirements for preliminary injunctive relief. Indeed, Plaintiffs' strategy is particularly inappropriate now because the DOJ Settlement by its nature makes clear that any preliminary injunction motion that seeks to fully block the merger is simply a non-starter, and at a minimum would now have to address the restructured transaction resulting from the DOJ Settlement. *See FTC v. Libbey, Inc.*, 211 F. Supp. 2d 34, 46 (D.D.C. 2002) (where a challenged acquisition is restructured to alleviate competitive concerns, the issue before the court is the legality of the restructured deal).

3.  In this procedural posture, it would be both appropriate and judicially efficient for the Court to enter a Proposed Supplemental Scheduling Order (submitted herewith) that (i) grants Plaintiffs' motion for a Pre-Trial Conference, but sets it for November 25, 2013, and (ii) requires that <u>if</u> Plaintiffs are planning to seek any form of preliminary relief—e.g., by way of temporary restraining order ("**TRO**")—to block the proposed merger, they file any such request and related briefing by November 21 with responses due on November 23 and hearing likewise scheduled on November 25. Absent such a motion, as a matter of law the parties should be free to close, subject to this Court's approval in the course of the chapter 11 cases.

**Background**

4.  The Court will no doubt recall the extensive machinations of the Plaintiffs in the early days of the Adversary Proceeding, all of which were designed to use scheduling matters to obtain a de facto injunction against consummation of the merger until Plaintiffs could take their case to trial. There was extensive debate about this, culminating in the Court's October 15, 2013, Scheduling Order.

5. The Scheduling Order contained several provisions implementing the Court's directions at earlier pretrial conferences. In one such provision, the Scheduling Order instructed the parties to notify the Court if they reached a settlement in principle with the Department of Justice and various State Attorney General plaintiffs regarding the proposed merger of AMR Corporation and US Airways Group, Inc. in the DOJ Action. Scheduling Order ¶ 11. The specific portion of Paragraph 11 of the Scheduling Order that deals with any settlement of the DOJ Action states as follows:

> In the event a settlement in principle of the DOJ Action is reached and is publicly disclosed prior to the issuance of a final trial ruling in the DOJ Action, the parties shall contact the Bankruptcy Court within three (3) business days of the date on which such settlement becomes public in order to schedule a pretrial conference.

*Id.* at 4. There is nothing controversial about this: as the Court had directed the parties several times at earlier pretrial conferences, the Court wanted the parties to notify it, and then appear before it to discuss next steps, should the DOJ Action settle.

6. The Scheduling Order also contained a provision addressing the interaction between the DOJ Action and the Adversary Proceeding. At the pretrial conferences, the Court had made clear that it was not resolving, at that time, what should happen to the Adversary Proceeding should the DOJ Action reach resolution, either by being tried to a decision on the merits or through settlement. This is what the Court said:

> But in terms of the ability to, if necessary, to pick this case up and run with it on the merits whether that's in a TRO, PI or just a short trial, that would -- that's what [is] contemplated essentially if there is a decision or a settlement shortly after whatever, we'll just call it a resolution, that parties would come in and here's what we want to do, and everybody reserves their rights to decide at that point what they want to advocate.

*See* September 24, 2013 Hearing Tr. at 33:21-34:3. And the Scheduling Order, in its last paragraph, implemented the Court's direction regarding this express reservation of rights:

> Notwithstanding anything contained herein to the contrary, in the event of any resolution of the DOJ Action in favor of Defendants, (a) Defendants reserve all of their rights to seek to consummate the merger that is the subject of the DOJ Action by filing a motion with the Bankruptcy Court

3

>on an expedited basis and (b) Plaintiffs reserve all of their rights to seek in this Court appropriate relief enjoining consummation of such merger, pending disposition of the Adversary Proceeding.

Scheduling Order ¶ 12. The Debtors' Motion for Entry of Order Regarding Consummation of Merger Pursuant to Scheduling Order (Adv. P. ECF No. 44) (the "**Consummation Motion**"), which is to be heard on November 25, 2013, is precisely what is contemplated by the Scheduling Order, and the pretrial conference should be held at the same hearing.

7. On November 12, 2013, the DOJ announced the proposed settlement of the DOJ Action. *Justice Department Requires US Airways and American Airlines to Divest Facilities at Seven Key Airports to Enhance System-wide Competition and Settle Merger Challenge*, DEP'T OF JUSTICE (Nov. 12, 2013), available at http://www.justice.gov/opa/pr/2013/November/13-at-1202.html.

8. The Debtors advised the Court of the DOJ Settlement on the same date, via two motions. Main Case ECF Nos. 10610, 10611; Adv. P. ECF No. 47. The DOJ Settlement is subject to the Court's approval, and pursuant to the Scheduling Order, the Debtors have filed the Consummation Motion seeking to consummate the merger, without delay, notwithstanding the pendency of the *Fjord* Adversary Proceeding.

9. Also on November 12, 2013, counsel for US Airways in the *Fjord* Adversary Proceeding spoke to Plaintiffs' lead counsel, Joseph Alioto, to advise him of the settlement of the DOJ action and discuss next steps in this case. Mr. Alioto advised that the Plaintiffs do not accept the DOJ Settlement as a sufficient remedy for the alleged anticompetitive effects of the merger and therefore intend to continue to prosecute the Adversary Proceeding.

10. Mr. Alioto also stated that Plaintiffs read Paragraph 11 of the Scheduling Order to have *already determined* that in the event of a settlement of the DOJ Action, the Adversary Proceeding will be set for immediate trial. According to Plaintiffs, this is resolved by the Court's directive to schedule a "pretrial conference" in the event of a settlement. *See* Scheduling Order ¶ 11. Plaintiffs apparently ignore the express reservation of rights in Paragraph 12.

4

11. Consistent with this position and their statements, Plaintiffs filed the instant Motion, which treats the DOJ settlement as a trigger for a "final" pretrial conference at which, among other things, an immediate trial date will be set.[1] The Motion also argues that the settlement of the DOJ Action is not the sort of "resolution" contemplated by the Court at the earlier pretrial conference, and so the express reservation of rights discussed and ordered in open court—and reflected in Paragraph 12 of the Scheduling Order—is somehow meaningless.

12. It is clear from the Motion, and from counsels' discussions, that Plaintiffs expect that trial in the Adversary Proceeding will take place before the merger of AMR and US Airways is allowed to close. Yet, it is also clear that they expect such an event to occur without being required to file any sort of motion, and meet the appropriate standards, for the extraordinary relief of a preliminary injunction.

## Discussion

13. It is frivolous for the Plaintiffs to argue that the Court has previously determined that a trial of the Adversary Proceeding must occur before the merger is consummated and without Plaintiffs seeking any preliminary injunctive relief. The parties and Court discussed these issues at the September 24 pretrial conference, and the Court told the parties—a half-dozen times—that should the DOJ Action settle, the Court wanted the parties to quickly notify chambers and come in for a conference <u>to discuss appropriate next steps</u>, and reserved the rights of Plaintiffs to file a motion for preliminary injunctive relief and the right of Defendants to file a motion seeking to consummate the merger immediately. *See* September 24, 2013 Hearing Tr. at 33:21-34:3, 62:14-18, 63:9-12, 64:1-6, 65:4:13, 67:1-2. In fact, the Court specifically explained that it wanted the parties to add a provision to a proposed scheduling order allowing for an open discussion on appropriate next steps, thus stating what the resulting Paragraph 11 means:

---

[1] Plaintiffs' Motion was filed on the evening of Wednesday, November 13 and asks for a final pretrial conference date to be held three business days later, on Monday, November 18. It also states that at such final pretrial conference, the parties and Court will be able to schedule "a trial date in early December." Mot. at 4.

5


> [W]hat I would like to do is build into the scheduling order a requirement that to the extent that there's a settlement in principle that is public in the Washington, D.C. case, the parties will contact the Court within three business days to **schedule another conference, and we'll assess where we are at that point** . . . .

*Id.* at 65:6-12 (emphasis added). *See also, e.g.*, *id.* at 62:14-18 ("I also will tell folks if there is a settlement or essentially notice of a settlement that has not yet been finalized, but is essentially in principle I want—and is public, that is, can be discussed, I want folks to come in, and then we'll talk about what to do with this case going forward."); *id.* at 63:9-12 ("We'll get together if things take turns, twists and turns that merit rethinking but what I'm talking about really is a settlement then raises the question what should happen with this case.")  The Court similarly did not carve out a DOJ settlement from the definition of "resolution" that is incorporated in Paragraph 12 of the Scheduling Order, such that the express reservation of rights does not apply in the case of such settlement. *See id.* at 33:21-34:3 ("that's what [is] contemplated essentially if there is a decision or a settlement shortly after whatever, **we'll just call it a resolution, that parties would come in and here's what we want to do, and everybody reserves their rights to decide at that point** what they want to advocate.") (emphasis added).  In short, the Court did not bind itself, and is in no way bound now, to an "immediate trial" or anything like it—a course that in light of the DOJ Settlement especially makes no sense.

14. At bottom, what we are witnessing is another attempt by the Plaintiffs to use a scheduling order to get a back-door injunction halting the closing of the merger if and when the Court otherwise approves the merger as restructured.  The Court has already rejected multiple attempts by these plaintiffs to accomplish that.  Defendants' and Intervenor's position is that if the Plaintiffs wish to enjoin the closing of the merger (again, subject to this Court's bankruptcy processes), they need to begin that process by filing a proper motion—supported by competent evidence—for a preliminary injunction or TRO.  Unless and until they do that, there is no proper basis for considering delaying the closing of the merger for Plaintiffs' benefit.

15. Furthermore, as a practical matter, in light of the DOJ Settlement, an injunction prohibiting consummation of the merger should be off the table.  The DOJ and the state

US_ACTIVE:\44370627\2\14013.0139

Attorneys General who joined with DOJ in prosecuting the merger challenge have all come to the conclusion that whatever antitrust concerns one might have had with the combination of AMR and US Airways, those concerns do not require or justify an injunction altogether blocking the merger.  The reason these federal and state governments came to that conclusion is that the competitive effects of the merger—even as these governmental plaintiffs envisioned them—have been addressed in the DOJ Settlement satisfactorily with certain injunctive relief (various divestitures) that allows the procompetitive and competitively benign aspects of the merger to proceed.  The merger will produce massive efficiencies and consumer benefits, and it is not in the public interest to sacrifice those for the sake of limited competitive concerns that are more than adequately addressed by the DOJ Settlement.

## Conclusion

16. In light of the above, we respectfully ask the Court enter the Proposed Supplemental Scheduling Order.


Dated:  November 14, 2013

/s/ Stephen Karotkin
Stephen Karotkin
Alfredo R. Pérez
Stephen A. Youngman

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Defendants and Debtors AMR Corporation and American Airlines, Inc.*

/s/ Daniel M. Wall
Daniel M. Wall (*admitted pro hac vice*)
Alfred C. Pfeiffer, Jr. (*admitted pro hac vice*)
Sadik Huseny (*admitted pro hac vice*)

LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095

*Attorneys for Defendants*
*US Airways Group, Inc. and US Airways, Inc.*


/s/ John Wm. Butler, Jr.
John Wm. Butler, Jr.
Albert L. Hogan, III
Jay M. Goffman
James A. Keyte
Kenneth B. Schwartz

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

- and -

155 North Wacker Drive
Chicago, Illinois 60606
(312) 407-0700

*Attorneys for Intervenor the Official Committee of Unsecured Creditors*

8

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                       :    Chapter 11 Case No.
                                            :
AMR CORPORATION, *et al.*,                  :    11-15463 (SHL)
                                            :
        Debtors.                           :    (Jointly Administered)
                                            :
------------------------------------------------------------x
CAROLYN FJORD, *et al.*,                    :    Adversary Proceeding No.
                                            :
        Plaintiffs,                        :    13-01392 (SHL)
                                            :
    v.                                      :
                                            :
AMR CORPORATION, AMERICAN                   :
AIRLINES, INC., US AIRWAYS GROUP,           :
INC., US AIRWAYS, INC.                      :
                                            :
        Defendants.                        :
                                            :
OFFICIAL COMMITTEE OF                       :
UNSECURED CREDITORS,                        :
                                            :
        As Intervenor.                     :
------------------------------------------------------------x

## SUPPLEMENTAL SCHEDULING ORDER

      Upon (i) the Plaintiffs' *Ex Parte* Motion Pursuant to Fed. R. Bankr. P. 9006(c) to Shorten Notice Period and Schedule a Pretrial Conference Pursuant to Paragraph 11 of Scheduling Order, (Doc. 44), dated November 13, 2013 (the "**Plaintiffs' Motion**") and (ii) the Defendants' and Intervenor's Opposition to Plaintiffs' *Ex Parte* Motion to Shorten Notice Period and Schedule a Pretrial Conference for November 18, 2013; Request for a Supplemental Scheduling Order (the "**Defendants' Request**"); and after due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Plaintiffs' Motion is denied as provided herein; and it is further

      ORDERED that Defendants' Request is granted as provided herein; and it is further

ORDERED that a Pre-Trial Conference in this Adversary Proceeding is scheduled for **November 25, 2013 at 10:00 a.m**. **(Eastern Time)**; and it is further

ORDERED that any request by Plaintiffs to block the proposed Merger (as defined in the Debtors' Fourth Amended Joint Chapter 11 Plan, dated September 23, 2013), in any form of preliminary relief (the "**Plaintiffs' Request**"), must be filed with the Court and served on the parties to this Adversary Proceeding no later than **November 21, 2013 at 12:00 noon (Eastern Time)**; and it is further

ORDERED that the objection deadline to respond or object to the relief requested in the Plaintiffs' Request is **Saturday, November 23, 2013 at 6:00 p.m. (Eastern Time)**; and it is further

ORDERED that a hearing to consider the relief requested in the Plaintiffs' Request will be held on **November 25, 2013, at 10:00 a.m. (Eastern Time)**.

Dated: _____
New York, New York

                                                 United States Bankruptcy Judge