Joseph M. Alioto
*Admitted Pro Hac Vice*
ALIOTO LAW FIRM
One Sansome Street, 35th Floor
San Francisco, CA 94104
Telephone: (415) 434-8900
Facsimile: (415) 434-9200
Email: jmalioto@aliotolaw.com
       jmiller@aliotolaw.com

Gil D. Messina
*Admitted Pro Hac Vice*
Messina Law Firm, P.C.
961 Holmdel Road
Holmdel, NJ 07733
Telephone: (732) 332-9300
Facsimile: (732) 332-9301
Email: gmessina@messinalawfirm.com
       tmay@messinalawfirm.com

*Attorneys for the Clayton Plaintiffs*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____

**In re:**                                               :

**AMR CORPORATION, et al.**                              :    **Chapter 11 Case No.:**

    **Debtors.**                       :    **11-15463 (SHL)**

_____     :    **(Jointly Administered)**

_____     :    **Adversary No. 13-01392-SHL**

**Carolyn Fjord, *et al.*,**                             :

    **Plaintiffs,**                    :

  **v.**                                         :

**AMR CORPORATION, *et al.*,**                           :

    **Defendants.**                    :

    ************                        :
**OFFICIAL COMMITTEE OF
UNSECURED CREDITORS,**                                   :

    **As Intervenor.**                 :
_____

*Plaintiffs' Memorandum in Support of Motion for Leave to File an Amended Complaint to Add Damages Claim*

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT TO ADD DAMAGES CLAIM**

**TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................................. 1
II.   STATEMENT OF FACTS .................................................................................... 1
III.  ARGUMENT .......................................................................................................... 2

   A.  LEAVE SHOULD BE GRANTED TO AMEND
       THE COMPLAINT ....................................................................................... 2

       1.  LEAVE IS FREELY GRANTED ........................................................ 2

   B.  AMENDMENT SHOULD BE PERMITTED ............................................. 3

IV.   CONCLUSION ...................................................................................................... 4

*Plaintiffs' Memorandum in Support of Motion for Leave to File an Amended Complaint to Add Damages Claim*

# TABLE OF AUTHORITIES

*Cases*

*Coilcraft, Inc., v. Inductor Warehouse,*
2000 U.S. Dist. LEXIS 6097 ................................................................................................4

*Ellis v. Chao,*
336 F.3d 114 (2d Cir. 2003) .................................................................................................2

*Eminence Capital, LLC v. Aspeon, Inc.,*
316 F.3d 1048 (9th Cir. 2003) .............................................................................................2

*Foman v. Davis,*
371 U.S. 178 (1962).........................................................................................................2,3

*Malaney v. UAL Corporation,*
Case No. 10-cv-028558-RS (N.D. Cal. October 24, 2011) .................................................3

*Ruffolo v. Oppenheimer,*
987 F.2d 129 (2nd Cir. 1993).................................................................................................2

*Saxholm AS v. Dynal, Inc.,*
938 F. Supp. 120 (E.D.N.Y. 1996) ......................................................................................3

*Shipner v. Eastern Air Lines, Inc.,*
868 F.2d 401 (11th Cir. 1989) .............................................................................................2

*U.S. ex rel. Kirk v. Schindler Elevator Corp.,*
926 F.Supp.2d 510 (S.D.N.Y. 2013) ...................................................................................2

*Statutes*

15 U.S.C. § 18 ............................................................................................................................1

15 U.S.C. § 26 ............................................................................................................................1

Fed. R. Civ. P. 15(a) ..................................................................................................................1

*Other Authority*

Moore, 3-15 *Moore's Federal Practice – Civil* § 15.14........................................................2

## I.  INTRODUCTION

By and through this motion, the Clayton Plaintiffs seek leave to file a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a).  Plaintiffs' First Amended Complaint, attached hereto as **Exhibits A and B**, adds a damages claim, demand for a jury trial, and additional factual allegations relating to Plaintiffs' previously asserted claims.  The Clayton Plaintiffs' complaint, which sought injunctive relief to enjoin Defendants' merger as a violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, was filed in this Court on August 6, 2013.  This Court denied Plaintiffs' Motion for a Temporary Restraining Order to prevent Defendants from consummating the merger on November 27, 2013, and Defendants closed the merger on December 9, 2013.  Plaintiffs' FAC, which seeks damages in light of the merger's closing, therefore, is timely and does not cause any prejudice to Defendants.

## II.  STATEMENT OF FACTS

Plaintiffs filed this lawsuit on August 6, 2013, seeking to enjoin the announced merger between Defendants, American Airlines and US Airways, under § 7 of the Clayton Antitrust Act, 15 U.S.C. § 18.  (Adv. Dkt. No. 1.)  The original complaint pled for injunctive relief under § 16 of the Clayton Act, 15 U.S.C. § 26.  Defendants answered the complaint on September 6, 2013.  (Adv. Dkt. No. 32.)

On November 12, 2013, the Defendants settled the action brought against them by the U.S. Department of Justice ("DOJ") seeking to enjoin Defendants' merger.  The settlement terms were publically announced for the first time on that day.  On November 27, 2013, this Court entered orders denying Plaintiffs' Motion for a Temporary Restraining Order to prevent Defendants from consummating the merger and granting Defendants Motion Regarding Consummation of the Merger, which was filed the same day that the DOJ settlement was announced.  (Adv. Dkt. Nos. 72, 74, and 75.)  Plaintiffs filed a Motion for Stay of the Orders Pending Appeal to the United States District Court (Adv. Dkt. No. 76), which was denied in this Court on December 4, 2013 (Dkt. No. 77.)  On December 9, 2013, Defendants closed the merger.

The Clayton Plaintiffs' counsel sought consent from Defense counsel to file the proposed FAC. Defendants refused to consent to the filing of an FAC. Accordingly, the Clayton Plaintiffs seek an order granting leave to file the proposed First Amended Complaint.

### III.    ARGUMENT

#### A.    Leave Should be Granted to Amend the Complaint

##### 1.    Leave is Freely Granted

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."  *See Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *U.S. ex rel. Kirk v. Schindler Elevator Corp.*, 926 F.Supp.2d 510, 516 (S.D.N.Y. 2013). There is a policy favoring amendment, and leave to amend the pleadings is freely given unless the opposing party makes a showing of undue prejudice or bad faith or dilatory motive on the part of the moving party. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The United States Supreme Court and United States Courts of Appeal have repeatedly affirmed that leave to amend is to be granted "freely." *See Foman,* 371 U.S. at 182, (leave to amend should be freely given); *Ruffolo v. Oppenheimer*, 987 F.2d 129, 131 (2nd Cir. 1993), ("the district court is required to heed the command of Rule 15(a) to grant leave to amend freely"); *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."); *see also* Moore, 3-15 *Moore's Federal Practice – Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a).").

The party seeking leave to amend need only establish the reason why amendment is required ("justice" so requires). *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406-407 (11th Cir. 1989). The burden is then on the party opposing the motion to convince the court

that "justice" requires denial. *Id.* The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial. *See e.g., Saxholm AS v. Dynal, Inc.*, 938 F. Supp. 120, 123 (E.D.N.Y. 1996).

The primary factors relied upon by the Supreme Court and the Second Circuit in denying a motion for leave to amend are: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment; (4) prejudice to the opposing party; and (5) repeated failure to cure deficiencies by previous amendments. *Foman,* at 182. None of these factors are present here.

### B.    Amendment Should be Permitted

Plaintiffs' First Amended Complaint is timely and should be allowed. Plaintiffs fall well within the liberal standard for freely allowing the amendment of pleadings, since this motion for leave to amend the complaint to add a damages claim is filed shortly following the closing of Defendants' merger. *See Foman,* 371 U.S. at 182 (1962) ("In the absence of…undue delay, bad faith or dilatory motive on the part of the movant…undue prejudice to the opposing party by virtue of allowance of the amendment…the leave sought should, as the rules require, be 'freely given.'")

Further, there is no prejudice to Defendants, nor will the amendment be futile. In *Malaney v. UAL Corporation,* Case No. 10-cv-028558-RS *4 (N.D. Cal. October 24, 2011) (attached hereto as **Exhibit C**), in granting the plaintiffs' motion to amend the complaint to add a damages claim under similar circumstances, Judge Seeborg held that:

> The addition is logical in this case, plaintiffs, urge, because prior to the consummation of the merger, they faced only the prospect of future harms. It follows that their original complaint pled only for injunctive relief under § 16 of the Clayton Act. *See* 15 U.S.C. § 26 (injunctive relief available "against *threatened* loss or damage" (emphasis in original)). Since the merger, plaintiffs aver, they have suffered actually injuries compensable by monetary damages. Section 4, accordingly, provides treble recovery for damages "*sustained*" by plaintiff (emphasis in original). 15 U.S.C. § 15. The FAC reflects factual allegations that support a claim for damages arising subsequent to the defendants' merger. For example, plaintiffs aver that they face higher airfares, and service reductions…The addition of a damages claim at this juncture does not

prejudice the airlines. Plaintiffs are granted leave to amend to add a damages claim under § 4.

Plaintiffs' First Amended Complaint does not change the underlying contention that the merger is illegal, nor are Defendants precluded from seeking discovery in relation to the Amended Complaint. The proposed Scheduling Order that the parties have agreed to contemplates the filing of this motion, at this time, as well as a proposed briefing schedule for the motion. Accordingly, Defendants will not be prejudiced by an order granting leave to file Plaintiffs' First Amended Complaint.

Moreover, Plaintiffs' First Amended Complaint is offered in good faith and without undue delay. Since the filing of its original complaint, Defendants entered into a settlement with the Department of Justice and they have closed their merger. The proposed FAC alleges additional facts and adds a damages claim and demand for a jury trial in light of the new factual developments, as well as including additional details in support of its previously asserted claims. *See Coilcraft, Inc., v. Inductor Warehouse,* 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mischaracterized the nature of the lawsuit").

In sum, proposed First Amended Complaint is filed timely and in good faith, contains a claim similar to those originally asserted and does not prejudice Defendants. Consequently, none of the factors on which the courts base denial of motions for leave to amend are present here. Thus, Plaintiffs' Motion for Leave should be granted.

## IV.  CONCLUSION

For the foregoing reasons, the Clayton Plaintiffs respectfully request that this Court grant leave to file the proposed First Amended Complaint.

- 4 -
*Plaintiffs' Memorandum in Support of Motion for Leave to File an Amended Complaint to Add Damages Claim*

Dated: January 10, 2014　　　　　　　　　　　　　　**ALIOTO LAW FIRM**

　　　　　　　　　　　　　　　　　　　　　　　By:　*/s/ Joseph M. Alioto*
　　　　　　　　　　　　　　　　　　　　　　　　　Joseph M. Alioto
　　　　　　　　　　　　　　　　　　　　　　　　　**ALIOTO LAW FIRM**
　　　　　　　　　　　　　　　　　　　　　　　　　One Sansome Street, 35th Floor
　　　　　　　　　　　　　　　　　　　　　　　　　San Francisco, CA  94104
　　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  (415) 434-8900
　　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (415) 434-9200
　　　　　　　　　　　　　　　　　　　　　　　　　Email:  jmalioto@aliotolaw.com

*Plaintiffs' Memorandum in Support of Motion for Leave to File an Amended Complaint to Add Damages Claim*

# PROOF OF SERVICE

ALL PARTIES ON THE COURT'S DOCKET:

I declare:

I am employed in the County of San Francisco, California. I am over the age of eighteen (18) years and not a party to the within cause. My business address is One Sansome Street, 35th Floor, San Francisco, CA 94104. On the date set forth below, I served:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT TO ADD A DAMAGES CLAIM; MEMORANDUM IN SUPPORT THEREOF; DECLARATON OF GIL MESSINA; AND PROPOSED ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

On the above-named persons by:

   X        Via the Court's ECF notification system.

     I declare under the penalty of perjury that the foregoing is true and correct.

Dated: January 10, 2014                 */s/ Joseph M. Alioto*