# MESSINA LAW FIRM
A Professional Corporation

**Gil D. Messina**
Admitted in MA and NJ

Email: gmessina@messinalawfirm.com

961 Holmdel Road
Holmdel, New Jersey 07733

Phone 732.332.9300
Fax 732.332.9301

November 8, 2018

Honorable Sean H. Lane, U.S.B.J.          **Via E-Mail and First Class Mail**
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    *Carolyn Fjord, et al. v. AMR Corporation, et al.*
              Adversary Proceeding No. 13-01392 (SHL)

Dear Judge Lane:

      The parties have been working to arrive at an agreed schedule for pretrial exchanges and filings and a proposed trial date. I am pleased to report that we have reached agreement with respect to all but one item which is identified below (and accompanied by a statement of the parties' respective positions). The parties are jointly submitting this proposed schedule for Your Honor's consideration and approval. We would also be pleased to discuss the proposed schedule, disputed item, or any other issues at a status conference at Your Honor's convenience, or to provide full briefing on the disputed item as appropriate.

**Disputed Item:**

1)     Deadline for Service of Plaintiffs' updated
       and supplemental expert report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . November 12, 2018

      **Plaintiffs' Position.** Dr. Lundgren's proposed updated and supplemental report is required by the Rules of Civil Procedure and is consistent with the Court's Interim Scheduling Order and Summary Judgment decision. The Interim Scheduling Order (Adv. Dkt. 128) called for the serving of expert reports and depositions of experts in advance of filing summary judgment motions. It is an interim order that does not call for finalizing expert reports that may require updating or supplementation. It did not call for closing expert discovery as it did fact discovery. Much has happened in the industry since the complaint was filed, the expert reports were served, the summary judgment motions prepared and argued, and the Court's decision rendered.

      The Plaintiffs' prior reports established a *prima facie* case of lessened competition. Plaintiffs propose to update and supplement their expert's report in order to bring the data

Law Offices<br>
**Messina Law Firm**

Hon. Sean H. Lane, U.S.B.J.
November 8, 2018
Page 2

current and, based upon the current data, render an opinion about the anti-competitive effects of the merger in the particular city-pair markets that the Court has directed the Plaintiffs to identify. The Plaintiffs propose to do this by November 12, 2018, well in advance of the deadlines prescribed by Rules 26(e)(2) and 26(a)(3). In the Court's summary judgment decision, the Court appeared to recognize this eventuality and instructed the parties to comply with Rule 26(a), which Plaintiffs are proposing to do.[1]

Rule 26(a)(2)(E) incorporates the duty imposed by Rule 26(e)(2) requiring supplementing an expert's report with "[a]ny additions or changes to information included in the report" by the time pretrial disclosures are due under Rule 26(a)(3). Under Rule 26(a)(3)(B), the pretrial disclosures are due 30 days before trial, unless the Court otherwise orders. Plaintiffs propose to serve the updated report at least 90 days before the trial.

The report by Dr. Lundgren will incorporate data issued by the U.S. Department of Transportation which did not exist at the time he prepared his earlier reports. The report will use new DB1B data from the Bureau of Transportation Statistics and incorporate data from April 1, 2017 through March 31, 2018, which was not available at the time Dr. Lundgren prepared his earlier reports. As such, supplementation is proper – indeed mandatory – under the Rules. The government data is not "new" in the sense that either side is unfamiliar with its use in this litigation. His analysis must be updated to render Dr. Lundgren's report complete and accurate as of the time of trial. The airline industry is not static and the harm to consumers from the merger is ongoing in many of the relevant city-pairs. Dr. Lundgren's report falls within the supplementation requirements of Rule 26(e)(2).

Similarly, the causal effect of the merger now on relevant city-pairs depends upon what has happened up to now in those markets, not what happened one, two or five years ago. As the Court knows, plaintiffs have always relied heavily on the Supreme Court's cases which, they have argued, dictate that this merger has substantially lessened competition.[2] They made a *prima facie* showing that the merger violates section 7 of the Clayton Act,

---

[1] "But obviously any such testimony would need to satisfy all applicable requirements under the law, including discloser [sic] and discovery requirements, as well as the rules of evidence. See Federal Rules of Civil Procedure 26(a)(2), which talks about disclosure of expert testimony... ." Tr.72:13-17 (8/29/18).

[2] Which is why plaintiffs' counsel initially stated plaintiffs would not require an expert.

LAW OFFICES
**MESSINA LAW FIRM**

Hon. Sean H. Lane, U.S.B.J.
November 8, 2018
Page 3

but the Court indicated in the decision on the summary judgment motions, the burden has shifted back to the plaintiffs and they will need to present expert opinion showing the relevant markets and the merger's effects on them. Dr. Lundgren's report will do that.

Plaintiffs have new, more current facts to support their theory – which has always been central to this case and known to the parties – that the merger has caused a substantial lessening of competition in relevant city-pairs. *Papyrus Tech. Corp. v. NYSE, LLC*, 257 F.R.D. 39, 42 (S.D.N.Y. 2009). Plaintiffs are not failing to comply with the disclosure requirement in Rule 26(e) by serving an updated and supplemental report, but intend, instead, to meet it. *Cf., Id*. at 44 (discussing the first of four factors identified by the Second Circuit in *Outley v. New York*, 837 F.2d 587 (2nd Cir. 1988).

Based upon the Court's summary judgment decision it is unlikely that Plaintiffs will be able to support their theory without Dr. Lundgren's report. *Id*. at 44 (second *Outley* factor).

Any supposed prejudice to the defendants can be obviated by deposing Dr. Lundgren and/or permitting their experts to serve supplemental rebuttals. *Id*. at 44 (third *Outley* factor).

The report will be served well in advance of the 30 day requirement in the Rules and will not cause a delay in the trial. *Id.* at 44 (fourth *Outley* factor).

The cases cited by the Defendants have to do with the failure to make timely, 30 day, Rule 26(a) disclosures in advance of trial (*Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) [late disclosure 10 days before trial]). *In re Bear Stearns Co.*, 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017), is also distinguishable because here, the data which Dr. Lundgren will use was not previously available and is necessary to bring his earlier report current and permit him to opine on the merger's effect on the relevant city-pair markets. This could not have been done because the data were not available earlier.

Plaintiffs' reliance upon *Outley* is not a "conce[ssion] that the service of a new expert report would, in fact, violate discovery rules," as Defendants state. Rather, *Outley* shows that Dr. Lundgren's report would be permitted even under *Outley's* more stringent standards if it were untimely under Rule 26(a). Plaintiffs' position is that serving the report complies with – and is mandated by – Rules 26(a) and 26(e), and is timely. It is also not an indication that Plaintiffs "cannot prevail on the theory they chose to pursue."

Law Offices<br>
**Messina Law Firm**

Hon. Sean H. Lane, U.S.B.J.
November 8, 2018
Page 4

Plantiffs' position continues to be that under the Supreme Court's section 7 jurisprudence this merger is illegal. The report will opine on its effect on relevant city-pairs, which was a concern evidenced in the Court's summary judgment decision.

Finally, and most importantly, the Court must weigh the possible harm that Plaintiffs would incur if the Court were to prohibit the report: "preclusion of the opportunity to present a potentially valid claim of infringement." "[E]xclusion of expert evidence is a drastic measure," that is not warranted in the circumstances. *Id.* at 45.

**Defendants' Position.** Defendants object to Plaintiffs' proposal to serve an updated and supplemental expert report. This report is neither "updated" nor "supplemental," but is instead an impermissible attempt to introduce brand new expert opinions on the eve of trial. And allowing it would draw the entire rest of the pretrial and trial schedule, which the parties have been working on in good faith, into question.

As the Court knows from the recent summary judgment briefing and argument, five years into this litigation, Plaintiffs have not offered any expert evidence on anticompetitive effects. They expressly chose not to: Plaintiffs initially did not present any expert report on the merits of this case, and told the Court that they did not need to do so.[3] Then, when Plaintiffs later sought leave to serve expert opinions, this Court imposed a March 1, 2017 expert deadline, agreed to by Plaintiffs, for Plaintiffs to "serve an expert report **limited solely** to bringing current the HHI figures in Appendix A annexed to the complaint." Feb. 22, 2017 Order, Adv. Dkt. No. 128 (emphasis added). The expert discovery period then closed on April 14, 2017, and summary judgment briefing ensued, culminating in the Court's recent order granting in part and denying in part American's motion for summary judgment, and directing the parties to meet and confer on an appropriate pretrial and trial schedule.

It is highly improper and prejudicial for Plaintiffs to now seek to issue unknown, brand-new opinions the Plaintiffs admit will be "about the anti-competitive effects of the merger." Discovery is long-closed, and the record is set. It is time for trial—and, allowing Plaintiffs to offer new expert opinions at this juncture will cause further delays in the schedule as it would inevitably require Defendants to issue responsive expert reports, resulting depositions, and the like.

---

[3] February 13, 2014 Hr'g Tr. at 80:20-22 ("We've taken the position, Your Honor, that we don't need any experts, the plaintiffs, the defendants do").

LAW OFFICES
**MESSINA LAW FIRM**

Hon. Sean H. Lane, U.S.B.J.
November 8, 2018
Page 5

Plaintiffs' purported justifications have no merit. First, Plaintiffs' claim that the Court's February 22, 2017 Order "is an interim order that does not call for finalizing expert reports that may require updating or supplementation" is not true. The Order specifically articulates a deadline to serve expert discovery and never states the parties can re-open expert discovery at their whim—no one ever contemplated any extension of expert discovery and certainly not an extension *past* the submission and resolution of summary judgment motions.

Second, to the extent that Plaintiffs' new expert report includes opinions regarding the anticompetitive effects of the merger, it is improper. Plaintiffs admit that it chose not to present those opinions previously, within the last 5 years of this litigation, and thus any such opinions are necessarily new. Rule 26(e)(2) "supplementation" does not apply to entirely new expert opinions like the ones that Plaintiffs seek to offer here. *Coene v. 3M Co.*, 303 F.R.D. 32, 42 (W.D.N.Y. 2014) ("[A]n expert report that discloses new opinions is in no way a mere supplement to a prior report.") (citation and quotation marks omitted); *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017) ("Rule 26(e) is not . . . a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report.") (citation and quotation marks omitted).[4] Plaintiffs' late realization that they cannot prevail on the theory they chose to pursue does not entitle them to advance brand-new expert opinions just prior to trial.

Plaintiffs' reliance on *Outley v. City of New York*[5] does not advance their position. The

---

[4] Moreover, "under Rule 26(e), an expert may supplement his report *only* where he learns that in some material respect the disclosure . . . is incomplete or incorrect." *In re Bear Stearns*, 263 F. Supp. 3d at 451 (citation and quotation marks omitted) (emphasis added). "To interpret Rule 26(e)'s supplementation provision more broadly, particularly by permitting supplementation whenever a party seeks to bolster its expert, would [wreak] havoc [on] docket control and amount to unlimited expert opinion preparation." *Coene*, 303 F.R.D. at 42 (citation and quotation marks omitted); *see also Beller v. United States*, 221 FRD 696, 701-702 (D.N.M. 2003) (Rule 26(e) does not give license to "sandbag" one's opponent with claims and issues that should have been included in the expert witness' original report).

[5] The factors are: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new

LAW OFFICES
**MESSINA LAW FIRM**

Hon. Sean H. Lane, U.S.B.J.
November 8, 2018
Page 6

Second Circuit uses the *Outley* factors in determining whether a district court properly exercised its discretion "in punishing [a party's] failure to conform to the rules of discovery." *Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988). In applying those factors here, Plaintiffs thus concede that the service of a new expert report would, in fact, violate discovery rules. And in any event, the factors favor exclusion of Plaintiffs' new expert testimony. Plaintiffs have no explanation for their "failure to comply" with Rule 26(e); their only excuse for not serving this report earlier is that they decided to pursue a legal strategy that turned out to be unsuccessful, and their sudden realization that they do not have enough evidence to take this case to trial (notwithstanding what that says about their earlier opposition to summary judgment) is not a justifiable excuse. The admission of the new report would also be highly prejudicial to Defendants, who would have to essentially start from scratch in defending whatever new opinions and theories Plaintiffs may elect to present, at this late hour. Plaintiffs' assertion that the issuance of the new report will not cause a continuance is unreasonable, given the already tight proposed pretrial schedule and the numerous events that a new expert report would necessarily require. Plaintiffs should not be allowed to thumb their nose at this Court's prior orders when they have deliberately chosen not to present these unknown and new opinions during the five years since they filed this action.

Finally, Plaintiffs are wrong in asserting that the Court held, at the summary judgment hearing, that brand new expert opinions would be allowed. At the hearing, and in response to Plaintiffs' improper suggestion to smuggle expert testimony through the named plaintiffs, the Court stated that expert testimony must "satisfy all applicable requirements under the law," including Rule 26(a)(2), before it can be presented at trial, Aug. 29, 2018 Hr'g Tr. at 72:14, meaning it had to have complied with Rule 26(a)(2). And Rule 26(a)(2) by its text states that "[a] party must make [expert] disclosures at the times and in the sequence that the court orders." For the Plaintiffs in this case, that was by March 1, 2017. In no way was the Court stating that Plaintiffs have *carte blanche* to offer new expert opinions at this stage of the case.

**Agreed Proposed Schedule:**

2) Exchange of witness lists . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . December 21, 2018

---

testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (citation omitted).

LAW OFFICES
**MESSINA LAW FIRM**

Hon. Sean H. Lane, U.S.B.J.
November 8, 2018
Page 7

3) Plaintiffs' identification of specific city pairs
relevant to their claim ................................. December 21, 2018

4) Exchange of deposition designations, proposed
stipulations, and exhibit lists (except those deposition
designations and exhibits to be used for impeachment)

- Deposition designations ............................... January 11, 2019

- Exhibit lists ....................................... January 16, 2019

- Proposed stipulations ................................ January 25, 2019

5) Exchange counter-designations and
objections to designations and exhibit lists

- Counter-designations and objections to
deposition designations................................ January 18, 2019

- Objections to exhibits ................................ January 23, 2019

6) Exchange written direct examinations ........................... January 25, 2019

7) Exchange responses to objections to deposition designations ......... January 28, 2019

8) Exchange responses to objections to exhibits ...................... January 30, 2019

9) Exchange MILs/Daubert motions................................January 30, 2019

10) Exchange objections to written direct examinations ................. February 1, 2019

11) Meet and confer regarding deposition designations and exhibits ....... February 1, 2019

12) File MILs/Daubert motions and oppositions
with Court ..................................................... February 6, 2019

13) File written direct examinations and objections thereto ............. February 7, 2019

LAW OFFICES  
**MESSINA LAW FIRM**  
_____

Hon. Sean H. Lane, U.S.B.J.  
November 8, 2018  
Page 8

14)     File trial briefs. . . . . . . . . . . . . . . . . . . . . . . . . . As may be directed by the Court, pre-trial

15)     File Joint Pretrial Order (including filing of deposition designations, exhibit lists, objections and responses thereto, and proposed stipulations). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . February 7, 2019

16)     Final Pretrial Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . February 11, 2019

17)     Trial starts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . February 14, 2019

18)     File Proposed Findings of Fact and Conclusions of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . As directed by the Court, post-trial

                                 Respectfully yours,

                                 *s/ Gil D. Messina*  
                                 Gil D. Messina

GDM/hs

cc:     Counsel of Record, via email