**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re:                                                                                              Chapter 11

AMR CORPORATION, *et al.*,                                        Case No. 11-15463 (SHL)

                                   Debtors.                            (Jointly Administered)
-----------------------------------------------------------------------x
CAROLYN FJORD, *et al.*,

                                   Plaintiffs,

                      v.                                                               Adv. Proc. No. 13-01392 (SHL)

AMR CORPORATION, AMERICAN AIRLINES,
US AIRWAYS GROUP, INC. and
US AIRWAYS, INC.,

                                 Defendants,

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS,

                                As Intervenor.
-----------------------------------------------------------------------x

## ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION

Before the Court is Plaintiffs' *Motion for Leave to Serve Supplemental Expert Report of Dr. Carl Lundgren and/or Motion for Reconsideration* (the "Motion") [Adv. Proc. ECF No. 180] and *Memorandum of Law in Support of Plaintiffs' Motion* (the "Memo of Law") [Adv. Proc. ECF No. 181]. The Motion requests that the Court grant leave to serve the supplemental expert report of Dr. Carl Lundgren that was served on Defendants on November 12, 2018 (the "Supplemental Report") [Adv. Proc. ECF No. 184-1), or, in the alternative, reconsider its December 10, 2018 Order excluding the Supplemental Report (the "Exclusion Order") [Adv. Proc. ECF No. 179].

The Memo of Law notes that "[t]he standards applicable to motions for reargument brought pursuant to Federal Rules of Bankruptcy Procedure 9023, 9024, and Local Bankruptcy Rule 9023–1 are identical to that applicable to motions under Federal Rules of Civil Procedure 59(e) and and/or 60(b)." Memo of Law at 7. However, Plaintiffs also hedge their argument that the Motion is a true "motion for reconsideration" because, "[w]hen the Court issued its December 10 Exclusion Order, no motion had been filed by either party." *Id.* at 7 n.3. "Because there is no motion for the Court to reconsider," Plaintiffs argue, "this Motion is more properly a Motion for Leave to Serve the Supplemental Expert Report of Dr. Lundgren[.]"[1] *Id.*

While the parties did not submit underlying motions before entry of the Exclusion Order, they did jointly submit a letter dated November 8, 2018 (the "Letter") [Adv. Proc. ECF No. 178] following the Court's bench decision on the parties' motions for summary judgment in August (the "Summary Judgment Decision") [Adv. Proc. ECF No. 177]. The Letter sets forth the parties' agreements about the trial in this matter but identifies one area of dispute: the admissibility of the Supplemental Report. The Letter goes on to detail the parties' dispute at length, with arguments that span six single-spaced pages and a note that the parties would "be pleased to discuss . . . [the dispute] or any other issues at a status conference . . . or to provide full briefing on the disputed item *as appropriate*." Letter at 1 (emphasis added). Given the length of briefing on the disputed issue, the Court interpreted this Letter as a request from the parties to rule on the admissibility of the Supplemental Report based on the arguments therein. *See* Exclusion Order at 1–2 ("[T]he parties jointly seek the Court's guidance on this issue.").

---

[1] Nevertheless, Plaintiffs state that they "have filed this Motion as both [a motion for leave to submit the Supplemental Report and a motion for reconsideration]." Memo of Law at 7 n.3.

2

Having reviewed such arguments and applicable case law, the Court did not believe any additional briefing was necessary to decide the issue and entered the Exclusion Order.

Regardless of how Plaintiffs label the Motion, the Court cannot grant the affirmative relief they seek without vacating or modifying the Exclusion Order. Accordingly, the Motion is, in essence, a motion for reconsideration. Motions for reconsideration are reviewed under Rule 60(b) of the Federal Rules of Civil Procedure, which is made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9024. *See In re FairPoint Commc'ns, Inc.*, 462 B.R. 75, 79 (Bankr. S.D.N.Y. 2012). Rule 60(b) provides that a court may relieve a party from a final judgment, order or proceeding due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

To prevail on a Rule 60(b) motion for reconsideration "there must be 'highly convincing' evidence supporting the motion; . . . the moving party must show good cause for failing to act sooner; and . . . the moving party must show that granting the motion will not impose an undue hardship on the other party." *Broadway v. City of New York*, 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003) (citing *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). "The burden of proof is on the party seeking relief from

3

judgment . . . ." *Id.* Whether to grant a motion for relief under Rule 60(b) is within the discretion of the court. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Similarly, Rule 59(e) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9023, permits parties to file motions to alter or amend judgments "no later than 28 days after entry of the judgment." Fed. R. Civ. P. 59(e).[2]

The Court denies the Motion for the following four reasons.

First, contrary to Plaintiffs' position that the Court "excluded Dr. Lundgren's Supplemental Expert Report without the benefit of full briefing or argument on any Motion, and thus, without Plaintiffs being given the opportunity to fully and completely present the 'reasons for delay,'" Memo of Law at 8, the Exclusion Order was based on a sufficient record. As explained above, the Letter presented the parties' arguments regarding the dispute, offering only to provide further briefing "as appropriate." Letter at 1. Indeed, Plaintiffs were the ones who chose to raise their arguments through the Letter in the first place; there was nothing stopping them from filing a motion on the subject. Having chosen to brief the issue as they did, they cannot now obtain relief based on that choice. Moreover, for the reasons explained below, the Court remains convinced that the Supplemental Report should not be permitted even after reviewing the Plaintiffs' additional briefing on this issue in the Motion.

Second, Plaintiffs are incorrect that the Court "gave no weight to the importance of the evidence it excluded." Memo of Law at 11. Plaintiffs decry the Exclusion Order as "tantamount to a dismissal" because "the Court took great pains to emphasize that it was not likely to find in favor of Plaintiffs at trial in the absence of expert testimony on competitive effects." *Id.* at 12.

---

[2] Local Bankruptcy Rule 9023-1 also provides parameters for motions for reargument of a court order. However, the comments to the Rule note that "[t]his rule does not apply to motions made under Bankruptcy Rule 3008 or 9024." The Court's ruling remains the same regardless of whether Bankruptcy Rule 9023, Bankruptcy Rule 9024 and/or Local Rule 9023-1 is applied.

4

But Plaintiffs are wrong that their failure to provide an expert competitive effects analysis is fatal to their case. Indeed, Defendants moved for summary judgment on that basis. *See, e.g.*, *Memorandum of Law in Support of Defendant American Airlines Group Inc.'s Motion for Summary Judgment* [Adv. Proc. ECF No. 140] ¶ 4 (complaining that Plaintiffs "have neither presented any expert testimony that would suggest there were anticompetitive effects caused by the Merger, nor have they conducted any independent analysis of the competitive effects at all"); *id.* ¶ 28 ("[Plaintiffs] do not have *any* expert testimony on competitive effects . . . [but] cannot meet their burden of proof with their purely structural approach [using market share data]."); *id.* ¶ 35.[3] But the Court explicitly rejected that position, Summary Judgment Decision at 71:1–17, concluding that it needed to weigh the evidence, *id.* at 81:10–15 ("But the Court doesn't dictate the evidence that a party decides to put forward in a case, or on summary judgment. The final weighing of all the evidence in this case, [whatever] the scope, would be conducted at [trial], and it's to the scheduling of that trial that the Court now turns."). In short, Plaintiffs will get their "day in Court" at trial but are nonetheless bound to the case that they chose to present through their complaint and discovery.

In any event, the lack of an expert on competitive effects in this case—what Plaintiffs seek to introduce now—was not identified for the first time in the Court's Summary Judgment Decision. As explained in the Exclusion Order and as acknowledged by Plaintiffs in the Memo of Law, the Court has continually questioned the Plaintiffs' failure to provide an expert opinion on the causal effect of the merger during the five-year span of this litigation. *See* Exclusion

---

[3] *See also Defendant American Airlines Group Inc.'s Opposition to Plaintiffs' Cross-Motion for Summary Judgment & Reply in Support of Defendant's Motion for Summary Judgment* [Adv. Proc. ECF No. 160] ¶ 4 ("And Plaintiffs' criticisms of Defendants' expert testimony regarding the effects of the Merger are not only misguided but, absent a proffer of any relevant competing evidence, do nothing to discharge Plaintiffs' ultimate burden of showing that this Merger has resulted in anticompetitive effects.").

5

Order at 5–6; Memo of Law at 4–5.  Plaintiffs had multiple opportunities to provide such an opinion, and, as addressed previously, Plaintiffs are incorrect in characterizing the Supplemental Report as "[reliant] on information that was not available to [Dr. Lundgren] when his first report was served in March 2017."[4]  Memo of Law at 18; *see also* Exclusion Order at 4 ("His Prior Report made crystal clear that these calculations were 'presented without further analysis or conclusions based on statistical, econometric, or other expert economic analysis.'").  It is baffling why Plaintiffs waited until the eve of trial—and long after the close of discovery—to seek to introduce such an analysis.  As explained in the Exclusion Order, however, the analysis is not merely a supplement to their existing expert opinion, and it is too late for it to be admitted.

Third, Plaintiffs are wrong in claiming that "[t]here is no timing issue [in seeking to introduce the Supplemental Report now], and thus no prejudice."  Memo of Law at 14.  Following this Court's Summary Judgment Decision—provided five months ago—it has been clear that the next step for this case is trial.  Indeed, the purpose of the Letter was to respond to the Court's direction to provide a final pretrial conference date.  *See* Summary Judgment Decision at 81–91 (discussing trial scheduling and procedures with the parties after rendering ruling on summary judgment motions).  Thus, the Letter included "an agreed schedule for pretrial exchanges and filings and a proposed trial date."  Letter at 1.  After having been pending for more than five years, trial in this case is now scheduled to start on March 11, 2019.  *See Scheduling Order* [Adv. Proc. ECF No. 188] at 2.  Defendants are correct that "this eleventh-hour shift [arising out of a new expert report] and the consequent burden it would impose upon

---

[4] Plaintiffs attempt to minimize these opportunities by citing to "the disparity in financial resources" between themselves and Defendants.  *See* Memo of Law at 11.  Plaintiffs do not cite any legal authority for this argument.  In any event, it is unavailing, particularly as Plaintiffs themselves say Dr. Lundgren's analysis uses "standard methodologies" and constructs "standard econometric models, utilizing data from publicly available databases[.]"  *Id.* at 15.

6

Defendants is precisely the kind of prejudice that justifies the Court's denial of Plaintiffs' request." *Defendant American Airlines Group Inc.'s Opposition to Plaintiffs' Motion* [Adv. Proc. ECF No. 186] at 5 (noting that Defendants would need to "incur expenses to depose Dr. Lundgren, incur additional expert expense to respond to Dr. Lundgren's entirely new competitive effects analysis and potentially move to exclude Dr. Lundgren's testimony," and that admitting the Supplemental Report could further "create all sorts of ripple effects regarding additional discovery and the ultimate presentation of evidentiary submissions at trial").

Fourth, the Court rejects Plaintiffs' claim that the scheduling order in this case (the "Interim Scheduling Order") [Adv. Proc. ECF No. 128] "did not provide a date for the closure of expert discovery." Memo of Law at 17; *see also* Letter at 1. Plaintiffs note that the Interim Scheduling Order states that the parties shall complete fact discovery by March 15, 2017, but they claim that "there is no corresponding deadline for the closure of expert discovery." Memo of Law at 17. This is nonsense. The Interim Scheduling Order clearly states that Plaintiffs shall serve an expert report by March 1, 2017, Defendants shall serve expert reports by March 31, 2017 and the parties shall depose each other's experts by April 14, 2017. *See* Interim Scheduling Order at 1. As attorneys are well aware, the word "shall" is in the nature of a command. *See Alabama v. Bozeman*, 533 U.S. 146, 153 (2001) ("The word 'shall' is ordinarily 'the language of command.'" (citing *Anderson v. Yungkau*, 329 U.S. 482, 485 (1947))). In light of such mandatory deadlines, it is untenable to claim that expert discovery continued indefinitely or that the Summary Judgment Decision somehow opened the door to new discovery. Indeed, the proposed pretrial scheduling order drafted by the parties and attached to the Letter did not contemplate any new discovery. As the Court already highlighted in its Exclusion Order, "[t]he Interim Scheduling Order clearly specified deadlines to serve expert discovery, and the word

7

'interim' cannot be used to circumvent the disclosure requirements articulated under Rule 26 or to change the fact that discovery is closed." Exclusion Order at 7.

Given the reasons stated in this Order and the prior Exclusion Order, the Court concludes that it would deny the requested relief even if it had been presented for the first time in a motion before the Court had issued its Exclusion Order. For the foregoing reasons, therefore, the Court denies Plaintiffs' Motion for leave to serve the Supplemental Report or, in the alternative, reconsider the Exclusion Order.[5]

IT IS SO ORDERED.

Dated: New York, New York
January 30, 2019

*/s/ Sean H. Lane*_____
UNITED STATES BANKRUPTCY JUDGE

---

[5] To the extent that Plaintiffs have raised other arguments in the Motion and Memo of Law not specifically addressed in this Order, such arguments likewise do not present "extraordinary circumstances" requiring reconsideration.