**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| AMR CORPORATION, *et al.*, | Case No. 11-15463 (SHL) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------------x

| | |
|---|---|
| CAROLYN FJORD, *et al.*, | |
| Plaintiffs, | |
| v. | Adv. Proc. No. 13-01392 (SHL) |
| AMR CORPORATION, AMERICAN AIRLINES, US AIRWAYS GROUP, INC. and US AIRWAYS, INC., | |
| Defendants, | |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| As Intervenor. | |

------------------------------------------------------------------------x

### ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

Before the Court is Plaintiffs' *Motion for Leave to File a Second Amended and Supplemental Complaint to Allege Injury and Damages Under Section 4 of the Clayton Act and Demand for Jury Trial (Fed. R. Civ. P. 15 and Bankruptcy Rule 7015)* (the "Motion") [Adv. Proc. ECF No. 189] and *Memorandum of Law in Support of Plaintiffs' Motion* (the "Memo of Law") [Adv. Proc. ECF No. 190]. The Motion requests that the Court grant leave to file a second amended and supplemental complaint to add a claim for treble damages and a demand for a jury trial.

**BACKGROUND**

The history of the Debtors' bankruptcy case and this five-year-old adversary proceeding has been previously set forth in prior decisions, familiarity with which is assumed. *See, e.g.*, *Fjord v. AMR Corp. (In re AMR Corp.)*, 506 B.R. 368, 373–76 (Bankr. S.D.N.Y. 2014) ("*Fjord I*"); *Fjord v. AMR Corp. (In re AMR Corp.)*, 527 B.R. 874, 878–80 (Bankr. S.D.N.Y. 2015) ("*Fjord II*"). But to understand the Court's decision today on the Motion, we must revisit some of that history, including previous iterations of the complaint.

In August 2013, Plaintiffs filed this adversary proceeding against US Airways, AMR Corporation, and American Airlines, seeking to enjoin the entities' proposed merger that formed the basis of the Debtors' plan of reorganization. Plaintiffs claimed the proposed merger would violate Section 7 of the Clayton Antitrust Act. Subsequent to the filing of this case, the United States Department of Justice filed its own antitrust suit against the merger in August 2013—an action that was settled in November 2013. Plaintiffs' request for a temporary restraining order to block the merger was subsequently denied, *see Fjord v. AMR Corp. (In re AMR Corp.)*, 502 B.R. 23 (Bankr. S.D.N.Y. 2013), and the merger went forward at the end of 2013.

In early 2014, Plaintiffs for the first time moved to amend their complaint by adding new factual allegations, a claim for damages, a demand for a jury trial, and modifications to the declaratory relief sought. *See* Plaintiffs' Motion for Leave to File an Amended Complaint to Add Damages Claim (the "First Motion") [Adv. Proc. ECF No. 91]. The Court granted Plaintiffs' requests to add new factual declarations and modify the request for declaratory relief but denied Plaintiffs' claim for damages and demand for a jury trial. *See Fjord I*, 506 B.R. 368. Plaintiffs subsequently filed an amended complaint consistent with the Court's ruling (the "April

2014 Complaint") [Adv. Proc. ECF No. 103]. The April 2014 Complaint remains the operative complaint in this case.

Plaintiffs subsequently sought to further amend the April 2014 Complaint. *See* Plaintiffs' Motion for Leave to File a Second Amended Complaint (the "Second Motion") [Adv. Proc. ECF No. 105]. The Court denied the motion without prejudice, criticizing it as mere "boilerplate without any analysis." *See* May 16, 2014 Hr'g Tr. at 15:13 [Adv. Proc. ECF No. 107]. This prompted Plaintiffs to file a revised motion (the "Amended Second Motion") that proposed an amended complaint with 160 new allegations, a claim for treble damages, and a jury demand (the "June 2014 Complaint") [Adv. Proc. ECF No. 106-1, Ex. A]. The Court ultimately denied the Amended Second Motion in its entirety, concluding that the June 2014 Complaint "[did] not plausibly define a relevant market for the alleged antitrust violation and personal harm to the majority of the Plaintiffs" and that "Plaintiffs lack antitrust standing to the extent they seek damages as travel agents—rather than consumers—because they are not efficient enforcers for the alleged antitrust violations." *Fjord II*, 527 B.R. at 883.

In August 2015, Plaintiffs again moved to amend their complaint. *See* Plaintiffs' Motion for Leave to File Second Amended and Supplemental Complaint to Add Damages Claim and for Jury Trial (the "Fourth Motion") [Adv. Proc. ECF No. 118].[1] This iteration of the complaint sought to add claims under Sections 1 and 3 of the Sherman Act (the "August 2015 Complaint") [Adv. Proc. ECF No. 118-1, Ex. A]. At Plaintiffs' request, the Court withheld a decision on the Fourth Motion, as Plaintiffs sought to have this case transferred to the Multidistrict Litigation Panel overseeing dozens of other lawsuits filed around the country regarding collusion and price

---

[1] For the avoidance of doubt, Plaintiffs made four motions to amend before the current Motion: the First Motion, the Second Motion, the Amended Second Motion, and the Fourth Motion. As explained above, the Court only ruled on the first three of these motions.

fixing by airlines, including American. *See* Memorandum Endorsed Order dated Oct. 27, 2015 [Adv. Proc. ECF No. 123]; *see also* Sept. 9, 2015 Hr'g Tr. at 5:14–6:3 [Adv. Proc. ECF No. 121]. However, Plaintiffs' motion to transfer the action was ultimately denied by the MDL Panel in February 2016. *See In re Domestic Airline Travel Antitrust Litig.*, MDL No. 2656, ECF No. 304 (Order Denying Transfer). While the Court requested that the parties establish a briefing schedule on the Fourth Motion, *see* Apr. 4, 2016 Hr'g Tr. at 13:6–10 [Adv. Proc. ECF No. 126], Plaintiffs ultimately chose "not [to] proceed with the pending motion to amend their complaint" and instead decided to "proceed on the basis of [the April 2014 Complaint]." Decl. of Robin L. Kuntz, Ex. A (Sept. 7, 2016 Joint Ltr. to Court) at 1 [Adv. Proc. ECF No. 202-1]; *see also* Dec. 18, 2018 Hr'g Tr. at 11:2–3 (Court stating that it "remember[ed] there was another [motion for leave to amend the complaint] teed up, and then that was taken off the table, saying [that the Court did not] have to address it") [Adv. Proc. ECF No. 200].

In February 2017, the parties notified the Court of their proposed schedule for completion of pretrial matters and a trial date. *See* Memorandum Endorsed Order dated Feb. 1, 2017 [Adv. Proc. ECF No. 127]. Mindful of the four prior motions to amend, the Court at a hearing that month repeatedly stressed the need for clarity as to where trial would eventually take place and whether it would include a jury. *See* Feb. 8, 2017 Hr'g Tr. at 15:11–12 ("Is this jury, non-jury, what is contemplated here?"), 15:18–22 ("But what's pretty clear from the jurisprudence is that if everyone is saying well we want to have it here because you all consent to having here in the bankruptcy court it's pretty clear that that consent should be very clear on the record."), 16:1–2 ("I want to make sure any such consent here is reflected in a very clear, unambiguous, and written way."), 18:11–14 ("[A]t the risk of beating a dead horse I think it's appropriate to have something filed in the court that's written that reflects that so that that issue is forever put to

4

bed.") [Adv. Proc. ECF No. 130]. In response to the Court's concerns, the parties appeared to agree that the case would proceed before this Court without a jury. *See id.* at 16:18–22 ("We did go through this process several times in this case, and I believe the record is very clear in written submissions and the hearing, that the parties have agreed to proceed before Your Honor for this trial and that it would be a non-jury bench trial . . . ."), 17:2–5 ("On the issue of trying it before Your Honor that did come up previously and it is on the record that we're prepared to do that and I think [Defendants are] quite right about that."), 18:16–17 (counsel for both Plaintiffs and Defendants agreeing to submit a written consent to trial before the bankruptcy court).

Consistent with the Court's instructions at that hearing, the parties subsequently filed a written notice of consent to have a bench trial before this Court, which explicitly stipulated that "a United States Bankruptcy Judge [would] conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." Notice, Consent, and Reference of a Civil Action to the Bankruptcy Court [Adv. Proc. ECF No. 129]. On the same day, the Court approved the parties' proposed scheduling order that provided for the close of fact discovery on March 15, 2017, deadlines for expert discovery, and deadlines for summary judgment briefing. *See* Interim Scheduling Order dated Feb. 22, 2017 [Adv. Proc. ECF No. 128]. Shortly thereafter, the Court approved a revised schedule for summary judgment briefing. *See* Memorandum Endorsed Order dated May 1, 2017 [Adv. Proc. ECF No. 134].

The Court ultimately ruled on the parties' cross-motions for summary judgment in a bench ruling delivered in August 2018 (the "Summary Judgment Decision") [Adv. Proc. ECF No. 177]. At the conclusion of the bench ruling, the Court stated that it anticipated trial would be scheduled sometime in the fall of 2018 and requested proposed dates from the parties. *See id.* at 84:4–5. The Court did not hear from the parties until they sent a letter in November (the

5

"Letter") [Adv. Proc. ECF No. 178]. The Letter set forth a proposed pretrial schedule, but it also requested the Court's guidance on the admissibility of a supplemental expert report. *See id.* at 1. After denying Plaintiffs' request to admit such report, the Court entered an order on January 9, 2019 scheduling a weeklong trial to begin on March 11, 2019 (the "Trial Date Order") [Adv. Proc. ECF No. 188]. Four days later, Plaintiffs filed the Motion seeking to amend their complaint once again (the "January 2019 Complaint") [Adv. Proc. ECF No. 191-1]. The Court heard argument on the Motion on February 20, 2019.

## DISCUSSION

A party may amend its pleading as a matter of course within the time limits imposed by Rule 15(a)(1) of the Federal Rules of Civil Procedure. When a party seeks to amend its pleadings outside of the prescribed time frames, the opposing party must consent or the moving party must obtain leave of the court. *See* Fed. R. Civ. P. 15(a)(2) (incorporated in these proceedings by Fed. R. Bankr. P. 7015). Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend the complaint] when justice so requires." *Id.*

While "summary disposition of all litigation, especially antitrust cases, is not favored and . . . amendments should be freely and liberally granted to the end that all cases are decided on their merits," *Food Basket, Inc. v. Albertson's, Inc.*, 383 F.2d 785, 788 (10th Cir. 1967), the decision to grant or deny a motion to amend nevertheless rests within the "sound judicial discretion of the trial court." *Adelphia Recovery Trust v. FPL Grp., Inc. (In re Adelphia Commc'ns Corp.)*, 452 B.R. 484, 489 (Bankr. S.D.N.Y. 2011). More specifically, a court may exercise its discretion to deny leave to amend a pleading where: (i) the movant has acted with undue delay, bad faith, or a dilatory motive; (ii) the movant has repeatedly failed to cure a deficient pleading; (iii) the amendment would unduly prejudice the opposing party; or (iv) the

6

amendment would be futile. *See, e.g.*, *Tronox Inc. v. Kerr McGee Corp. (In re Tronox Inc.)*, 503 B.R. 239, 340 (Bankr. S.D.N.Y. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Applying these standards here, the Court denies the Motion for four reasons.

First, the Motion is untimely. Case law in this Circuit is clear that motions for leave to amend complaints are untimely when such motions are not made until after the close of discovery, especially if made after summary judgment or on the eve of trial. *See, e.g.*, *Krumme v. WestPoint Stevens, Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (affirming denial of motion to amend that was filed after the close of discovery and the filing of a motion for summary judgment as untimely and prejudicial), *cert. denied*, 525 U.S. 1041 (1998); *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (affirming denial of leave to amend sought two-and-a-half years after the filing of an action and three months before trial).

Moreover, the history of this case confirms undue delay by Plaintiffs. Long before the Court was faced with this Motion, the Court commented on the slow pace of this case, in part caused by Plaintiffs' numerous motions to amend their complaint. *See* Apr. 4, 2016 Hr'g Tr. at 10:17–21 ("I too grow weary of this case sitting here with not a whole lot happening. . . . [T]he judges and courts in the federal system are—pretty uniformly like to move things with appropriate speed, and this case is lagging behind."). Nearly three years have passed since the Court made that statement. This case has continued to trudge along over the past several years, and discovery has been closed for almost two years. But there is finally an end in sight, as summary judgment has been decided and trial is scheduled to begin in less than a month. The procedural posture of this case weighs heavily against granting the Motion.

Plaintiffs attempt to undermine this timing problem by arguing that there is no undue delay because the January 2019 Complaint would have been futile if it were filed at any point

7

before the Summary Judgment Decision.  *See* Reply Memorandum in Support of Plaintiffs' Motion at 4 (the "Reply") [Adv. Proc. ECF No. 204].  Plaintiffs' position also does not hold water given the timeline of events.  The Summary Judgment Decision was issued in August 2018.  Plaintiffs did not even hint that they were considering moving to amend the complaint until a conference on December 18, 2018 and ultimately did not file the Motion until nearly a month later—five months after the Summary Judgment Decision had been issued.  Plaintiffs offer no explanation for this delay.  But the Summary Judgment Decision did not somehow—directly or indirectly—grant Plaintiffs the right or basis to add a damages claim.  Plaintiffs specifically rely on the discussion in the Summary Judgment Decision of the alleged harm to Plaintiffs and the antitrust market.  *See* Memo of Law at 3, 8; Reply at 3.  But that discussion was in the context of antitrust standing, not a damages claim.  That is significant because, for standing purposes, injunctive relief only requires an allegation that one plaintiff suffered antitrust injury.  *See* Summary Judgment Decision at 39:9–10, 39:19 (concluding that "standing is not necessary for all plaintiffs in injunctive cases" and that it was enough for "one plaintiff [to have] standing").  The Summary Judgment Decision then concluded that at least some of the Plaintiffs had established themselves as regular customers of domestic air travel.  *See id.* at 44:18–21.  Just as the Summary Judgment Decision did not open the door to new discovery, *see* Order on Plaintiffs' Motion for Reconsideration at 7 (the "Reconsideration Order") [Adv. Proc. ECF No. 199], the Court's ruling on antitrust standing likewise does not permit Plaintiffs to amend the April 2014 Complaint on the eve of trial without satisfying the applicable legal requirements.  Notably, Plaintiffs cite no authority for their theory that the Summary Judgment Decision somehow allows them yet another bite at this apple.

8

Second, the Motion is prejudicial to Defendants in light of its timing.  "One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action."  *H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 419 (S.D.N.Y. 1986); *see also State Farm Ins. Cos. V. Kop-Coat, Inc.*, 183 F. App'x 36, 37–38 (2d Cir. 2006) (affirming denial of motion for leave to amend where it was "submitted four years after commencement of this action, almost one year after the close of discovery, and five months after the district court's summary judgment ruling").  The proposed amendment would clearly delay the final disposition here.  Trial is scheduled for next month, and a new damages claim would require a reopening of discovery on the new claim and likely the need for additional expert discovery.  *See* Defendant American Airlines Group Inc.'s Opposition to Plaintiffs' Motion at 8 ("A trial on a damages claim would necessarily involve extensive factual and expert discovery from both parties (including from each of the 40 named plaintiffs in this case, whereas there were depositions allowed of only 6 such plaintiffs)[.]") (the "Opposition") [Adv Proc. ECF No. 201].

Since the Summary Judgment Decision, it has been clear that the next step for this case is trial.  Indeed, the Court anticipated that trial would take place in early Fall 2018, but parties did not contact the Court with a proposed schedule until they sent the Letter in November.  In early January—after ruling on a separate but similar attempt by Plaintiffs to add new expert evidence, *see* Order on Plaintiffs' Request to Supplement Dr. Lundgren's Expert Report [Adv. Proc. ECF No. 179]; Reconsideration Order—the Court ordered that trial will commence on March 11, 2019.  The Court likewise entered the Agreed Upon Scheduling Order of Pretrial Deadlines in late January [Adv. Proc. ECF No. 196].  The law is clear that allowing an amendment at this

9

juncture in the case would be prejudicial to Defendants and would upend the process—a process designed to bring this case to a final disposition.

Third, Plaintiffs' Motion is undermined by the fact that they largely requested this exact same relief earlier in the case and it was denied. Plaintiffs' Amended Second Motion sought to add more than 160 allegations to the April 2014 Complaint, a request that the Court denied. *See generally Fjord II*, 527 B.R. 874; *see also* Order Denying Plaintiffs' Amended Second Motion. Plaintiffs now seek to add more than 160 new paragraphs, with all but three of these paragraphs being exact duplicates of allegations that Plaintiffs sought to add as part of the Amended Second Motion. *Compare* January 2019 Compl. *with* June 2014 Compl; *see also* Opposition at 18 (discussing redline of proposed new complaint with proposed new complaint of Amended Second Motion).[2] But nothing in the Summary Judgment Decision somehow overturned the Court's prior decision denying the Amended Second Motion and its rejection of the 160 allegations proposed in the June 2014 Complaint.[3] Moreover, the three new proposed paragraphs do little to help Plaintiffs. They rely solely on data that Plaintiffs have had at their disposal since 2017, which again underscores the fact that Plaintiffs acted with undue delay.

Fourth and finally, Plaintiffs unsuccessfully seek to characterize the current dispute as an attempt to take away their Seventh Amendment right to a jury. Plaintiffs' argument that they did not waive their right to a jury trial presupposes a fact not in evidence: that they have a right to a jury trial on the operative complaint, *i.e.* the April 2014 Complaint. As this Court already explained in ruling on Plaintiffs' First Motion back in March 2014, "actions for injunctive relief under Section 16 of the Clayton Act are equitable in nature and create no right to a trial by jury." *Fjord I*, 506 B.R. at 376. The April 2014 Complaint was brought "under Section 16 of the

---

[2]   This fact was confirmed at the hearing on this Motion but no transcript of that hearing is available.
[3]   Nor have Plaintiffs sought reconsideration of the Court's prior ruling on the Amended Second Motion.

Clayton Antitrust Act . . . for divestiture and an injunction prohibiting further violations of Section 7 of the Clayton Act . . . arising from and out of the anticompetitive combination of the defendants, and to prevent a threatened violation of Section 2(c) of the Clayton Antitrust Act[.]" April 2014 Compl. at 1. While it is true that "a claim for treble damages under Section 4 of the Clayton Act falls within the ambit of the Seventh Amendment's right to a jury trial," *Fjord I*, 506 B.R. at 377, the Court has denied Plaintiffs' motions to amend the complaint to add such a claim. *See id.* at 384–86; *Fjord II*, 527 B.R. at 890 ("Despite these repeated admonitions, the Plaintiffs here again level allegations of general harm without connecting such harms to any named plaintiff."). Though they make yet another attempt to add such a claim through the current Motion and the January 2019 Complaint, this attempt fails for the reasons set forth above. As such, their demand for a jury trial must also necessarily fail.[4]

While the Court does not rely on waiver in reaching its conclusion on the Motion, a good argument can be made that Plaintiffs here did waive their right to a jury. Back in 2017, the Court explicitly asked parties about the nature of this matter—including whether they contemplated it as a "jury [or] non-jury" case. Feb. 8, 2017 Hr'g Tr. at 15:11–12. They agreed that the case would proceed before this Court, and it was represented to the Court that it would be a non-jury bench trial. *See id.* at 16:18–22 ("We did go through this process several times in this case, and I believe the record is very clear in written submissions and the hearing, that the parties have agreed to proceed before Your Honor for this trial and that it would be a non-jury bench trial . . .

---

[4] At the hearing on the Motion, Plaintiffs posited that the April 2014 Complaint nevertheless entitled them to a jury trial because of the language included in their prayer for relief. Specifically, the April 2014 Complaint notes that "[i]f and when one or more of the plaintiffs experiences damages by reasoning of the lessening of competition, plaintiffs will move to amend or supplement this complaint to request treble damages and a trial by jury." April 2014 Compl. at 38. The Court rejects Plaintiffs' argument to the extent they are arguing that they automatically have a right to a jury trial (and a claim for treble damages) simply because they provided for such possibilities in a reservation of rights. Critically, Plaintiffs must still satisfy the underlying legal standards for a treble damages claim and a jury trial right as well as the legal standard for a motion to amend in order to obtain such relief. They have done none of these things.

11

."). While the Court expressed the need to "forever put [this issue] to bed," *id.* at 18:14, even though it was "at the risk of beating a dead horse," *id.* at 18:9, Plaintiffs now claim that they only waived their right to have the case tried by an Article III Judge—not their right to a jury trial. But as Plaintiffs are well aware, cases before a Bankruptcy Court are tried before the Judge, not a jury.

For the foregoing reasons, therefore, the Court denies Plaintiffs' Motion for leave to file the January 2019 Complaint.

IT IS SO ORDERED.

Dated: New York, New York
February 26, 2019

*/s/ Sean H. Lane*_____
UNITED STATES BANKRUPTCY JUDGE